Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
(212) 962 -1818
Patrick C. Crilley (PC 9057)
*Of Counsel*
(212) 619 -1919

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHOKANG SHIPPING CO. LTD.,                    ECF CASE

                  Plaintiff,

      -against-                                    07 CIV 9602

STEEL AUTHORITY OF INDIA LTD.,                **VERIFIED COMPLAINT**

                                  07 Civ. 9602 (CSH)

                  Defendant.
-------------------------------------------------------x

    Plaintiff, CHOKANG SHIPPING CO. LTD., ("CKS"), by its attorneys, Richard A. Zimmerman, Esq., and Patrick C. Crilley, Esq., of counsel, complaining of the Defendants, STEEL AUTHORITY OF INDIA LTD., ("SAIL"), alleges upon information and belief as follows:

    1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333, as hereafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2. At all material times, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of the Republic of Korea.

3. Plaintiff CKS was, at all material times, the disponent owner of the motor vessel "MARITIME CUATE" (the "Vessel").

4. At all material times, Defendant SAIL was, and still is, a foreign corporation or other business entity organized and existing under the laws of Republic of India, maintaining offices at Ispat Bhawan, 40 Jawahar Nehru Road, Kolkata-700 071, Republic of India.

5. Defendant SAIL was, at all material times, the charterer of the Vessel.

6. On or about April 4, 2007, Plaintiff CKS, as disponent owner, entered into a contract of charter party and/or fixture note and or contract of affreightment with Defendant SAIL, as charterer, for the charter of the Vessel, for carriage of a cargo of approximately 48,760 metric tonnes of coal from Australia to India (the "Charter Party").

7. Under the terms of the Charter Party, Defendant SAIL was obligated, among other things, to pay demurrage at the rate of $31,000 per day pro rata for time used by the Vessel beyond the permitted laytime at the port of load in Australia.

8. In the event, Defendant SAIL used the Vessel, at the load port in Australia, for longer then the permitted laytime incurring demurrage in the amount $656,015.97, for which Defendant SAIL, in accordance with the Charter Party, is liable to CKS for total demurrage in the amount $656,015.97.

9. Defendant SAIL has breached the contract in failing to make the required payment for demurrage due to CKS for which SAIL is liable under the terms of the Charter Party.

10. Plaintiff CKS has fulfilled its obligations under the Charter Party.

11. There remains owing to Plaintiff CKS the sum of $656,015.97 from the Defendant, which Defendant has failed to pay when duly demanded.

12. As a result of the Defendant's breach, Plaintiff has and will continue to suffer losses in the total principal sum of not less than $656,015.97, exclusive of interest, costs and reasonable attorneys' fees.

13. The Charter Party contains an agreement to arbitrate disputes in the Republic of India.

14. Despite due demand, Defendant has failed to pay or otherwise secure the Plaintiff's claim. Therefore, arbitration has commenced, or will soon commence, in the Republic of India, and Plaintiff reserves its right to pursue all of the remedies to which it is entitled in that arbitration.

15. Interest, costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings in the Republic of India. As best can now be determined, Plaintiff estimates that such interest, costs and attorneys' fees related to the Indian arbitration will be approximately $100,000.00.

16. As a result of Defendant's aforesaid breach of its obligations under the Charter Party, Plaintiff now estimates that it has been or will soon be damaged in the following amounts:

| | |
|---|---|
| a) Outstanding Demurrage | $ 656,015.97 |
| b) Costs of prosecuting Plaintiff's arbitration proceedings against Defendant in India. | $ 100,000.00 |
| c) Interest, costs and recoverable fees up to the point of obtaining a judgment in this action | $ 50,000.00 |
| Total anticipated damages - | $ 806,015.97 |

17. Upon information and belief, and after investigation, Defendant SAIL cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Civil

Procedure for Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia* cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter "Assets"), including but not limited to Assets at or moving through banking institutions including but not limited to The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, BNP Paribas, Bangue Cantonale de Geneve, and/or Commerce Bank.

18. Based upon the foregoing, therefore, the total sum of Assets sought belonging to Defendant in this action is $ 806,015.97.

WHEREFORE, Plaintiff prays:

1. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged.

2. That if the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules of Civil Procedure, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules of Civil Procedure and the United States Arbitration Act, 9

U.S.C. § 8, attaching all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, Bangue Cantonale de Geneve, BNP Paribas, and/or Commerce Bank up to and including the amount of $806,015.97 to secure the Plaintiff's claims including interest and costs, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged.

3. That Plaintiff may have judgment for its claims as aforesaid in the amount of $806,015.97.

4. That in the event the Writ of Attachment issued herein restrains the property of the defendant found within this district and

    i) notice has been properly served upon the defendant in the manner required by Rule B(2) of the F.R.C.P. Supplemental Rules for

        Admiralty or Maritime Claims and Rule B(2) of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York; and

  ii)    the defendant fails to appear before this Court; and

  iii)    upon application of plaintiff,

default judgment be granted to plaintiff in the amount of provable damages limited to the extent of the property subjected to the process of maritime attachment.

5. That in the event defendant appears in the action following such maritime attachment and garnishment, and upon the application of a party, the Court stay further proceedings pending the issuance of an arbitration award, and retain jurisdiction for the purpose of entering judgment on the award against the property subjected to the process of maritime attachment.

5. That Plaintiff may have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
      October 29, 2007

                                              Patrick C. Crilley (PC 9057)
                                              Of Counsel to
                                              Richard A. Zimmerman (RZ 0963)
                                              Attorney for Plaintiff
                                              233 Broadway – Suite 2202
                                              New York, NY 10279
                                              (212) 619-1919

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Patrick C. Crilley verifies the following:

1. I am an attorney and acting as such "of counsel" to Richard A. Zimmerman, the attorney for the Plaintiff herein, and make the following Verification pursuant to the Federal Rules of Civil Procedure, Supplemental Rule B, 28 USC §1746, and the Local Rules of the United States District Court for the Southern District of New York. I have read the foregoing Verified Complaint, know the contents thereof, and believe the same are true to the best of my information and belief which is based upon an examination of documents provided by Plaintiff herein.

2. The reason that this Verification is made by the undersigned rather than by Plaintiff is that Plaintiff is a foreign corporation none of whose officers or directors is within the District.

3. Deponent is authorized to make this Verification on behalf of Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 29th day of October, 2007.

Patrick C. Crilley
233 Broadway - Suite 2202
New York, New York 10279
(212) 619-1919

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) GREETINGS

    WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 29th day of October, 2007 by

**CHOKANG SHIPPING CO. LTD.,**
Plaintiff,

against

**STEEL AUTHORITY OF INDIA LTD.,**
Defendants

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/2007

in a certain action for breach of maritime contract wherein it is alleged that there is due and owing from Defendant to the said Plaintiff the amount of **$806,015.97** and praying for process of maritime attachment and garnishment against the said Defendant.

    **WHEREAS**, this process is issued pursuant to such prayer and requires that a garnishee shall serve their answer, together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that a defendant shall serve his answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

    **NOW THEREFORE**, we do hereby command you that if the said Defendant cannot be found within the District, you attach goods and chattels to the amount sued for, and if such property cannot be found that you attach other property, credits and effects to the amount sued for in the hands of

**The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, BNP Paribas, Banque Cantonale de Geneve and/or Commerce Bank**

AND ANY OTHER GARNISHEES UPON WHOM A COPY OF THE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT HEREIN MAY BE SERVED,
to wit: claims, property, letters of credit, funds bills of lading, settlement agreement, or other assets in whatsoever form of

**STEEL AUTHORITY OF INDIA LTD.,**

and that you promptly after execution of this process, file the same in this Court with your return thereon.

    WITNESS, the Honorable _Charles S. Haight Jr._ Judge of said Court, this _29th_ day of October, 2007, and of our Independence the two hundred and thirty-first year.

Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway, Ste. 2202
New York, NY 10279
(212)-962 1818

J. MICHAEL McMAHON
Clerk

By: _Paul Ghitt_

Note: *This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.*

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _Paul Ghitt_
DEPUTY CLERK